UNITED STATES, Appellee

v

EFRAIN J. CRUZ, JR., Private U. S. Marine Corps, Appellant

No. 28,909

November 29, 1974

*Major D. A. Higley,* USMC, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel P. N. Kress,* USMC, *Captain Joseph W. Diver,* USMCR, and *Lieutenant Commander Harvey E. Little,* JAGC, USN, were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

QUINN, Judge:

With others, the accused and Williams, members of the same company, were involved in an incident that resulted in their separate prosecution for several offenses in violation of the Uniform Code of Military Justice. The day before the accused's trial by a general court-martial, convened by the base commander, Williams entered into a pretrial agreement with the battalion commander, which provided, in material part, for trial of the charges against him by special court-martial and that he would testify for the Government against the accused.

Williams testified for the Government at the accused's trial, which resulted in findings of guilty. In his review of the record, the staff judge advocate called attention to the agreement between Williams and the battalion commander, who was the subordinate of the base commander, but indicated that the latter was "in no way preclud[ed]" by the agreement from acting as reviewing authority in the accused's case. Apparently, the staff judge advocate was not

aware of our contrary determination in a similar situation in United States v Dickerson, 22 USCMA 489, 47 CMR 790 (1973), which had been decided about 2 months before the accused's case came before him.

The record indicates Williams testified in regard to only one of the several offenses of which the accused was convicted. If that offense were eliminated and the sentence appropriately reassessed, the accused would receive a full measure of relief. Accordingly, the record of trial is returned to the Judge Advocate General for resubmission to the Court of Military Review. In its discretion, the court can set aside the convening authority's action and direct review of the record by another competent authority, or it can set aside the findings of guilty of the specification as to which Williams testified (specification 1, Charge I), dismiss that specification and reassess the sentence on the basis of the remaining findings of guilty, with due regard to the probable impact of the dismissed offense on the court members in the imposition of sentence at trial.

Judge COOK and Senior Judge FERGUSON concur.